**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MASSIACH HAYWARD,                             Case No. 1:20-cv-830

      Plaintiff,                                       McFarland, J.
                                                     Bowman, M.J.

  v.

KANESHIA HOWELL, et al.,

      Defendants.

**REPORT AND RECOMMENDATION**

Through counsel, Plaintiff filed this civil rights complaint on October 21, 2020, more than 90 days ago. (Doc. 1). On February 9, 2021, the undersigned entered an "Order to Show Cause" that notified Plaintiff that "the Court proposes to dismiss the complaint without prejudice, due to Plaintiff's failure to effect timely service of process of the summons and complaint upon the Defendants" and directed Plaintiff to "show cause in writing" not later than March 1, 2021 why the complaint should not be dismissed. (Doc. 4). Because Plaintiff has failed to respond to the Court's Order, the undersigned now recommends that this case be DISMISSED without prejudice.

    **I.**     **Background and Analysis**

As previously stated in the February 9 Order, the record contains no indication that the Defendants waived service of process or that Plaintiff served Defendants with a summons or with a copy of the complaint. Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the

failure, the court must extend the time for service for an appropriate period. *Id.*

"Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351, 119 S. Ct. 1322 (1999). Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over this Defendant. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

Upon a showing of good cause for the failure to effect timely service, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *Osborne v. First Union Nat'l Bank of Delaware*, 217 F.R.D. 405, 408 (S.D. Ohio 2003). In the absence of a showing of good cause, the court has discretion to dismiss *sua sponte*, provided that the plaintiff has notice of the proposed action. *See Osborne*, 217 F.R.D. at 408; *United States v. Gluklick*, 801 F.2d 834, 837 (6th Cir. 1986), *cert. denied*, 480 U.S. 919 (1987).

In this instance, Plaintiff was provided with clear notice of the Court's proposed dismissal, and still has not filed either a motion to extend time for service or any other timely response to the Court's February 9 Order. Plaintiff's failure to respond to the recent Order to Show Cause provides further confirmation of Plaintiff's failure to timely prosecute

2

this case.

## II. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** this case be **DISMISSED without prejudice** for failure of service under Rule 4(m), and for failure to prosecute.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MASSIACH HAYWARD,                      Case No. 1:20-cv-830

    Plaintiff,                             McFarland, J.
                                       Bowman, M.J.

    v.

KANESHIA HOWELL, et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).